[Civil No. 3737.   Filed July 6, 1936.]

[59 Pac. (2d) 301.]

M. V. ELLIS, Petitioner, v. CITY OF PHOENIX, Defendant Employer; THE INDUSTRIAL COM-MISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. W. L. Barnum, for Petitioner.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Industrial Commission, Respondent.

LOCKWOOD, C. J.—M. V. Ellis, hereinafter called petitioner, was for some two and one-half years in

the employ of the city of Phoenix, hereinafter called the employer, at its sewage disposal plant. About 11:30 in the morning of July 26, 1935, while he and a coemployee were installing a certain timber, the scaffolding upon which he was standing gave way. He grasped a chain hanging near, and, as a result, only fell some four or five feet, alighting in a standing position upon a beam which had supported the scaffolding. He did not immediately experience any discomfort from the accident, and considered it as not serious until that evening, after dinner, when he attempted to straighten up from the chair in which he was sitting, and was able to do so only with great difficulty. He suffered continual pain from that time, but remained at work until the 5th day of August, when he was granted his annual vacation. On August 18th he returned to work, but could not do any manual labor, and was, therefore, placed at office work at the same salary, which work he continued to perform up until the time of the final hearing upon his case. He made report of the accident to the Industrial Commission, hereinafter called the commission, and was sent by it to Dr. Charles N. Ploussard for examination and treatment. He was X-rayed and continued under treatment by Dr. Ploussard until August 2d, when he was discharged as well. The pain still continued, however, and petitioner went to Dr. James Lytton-Smith, who treated him for some time. On September 3d, the commission informed him by letter that it was of the opinion his then condition was not the result of the accident above referred to, and declined to accept any additional liability.

Formal application being thereafter made to the commission for compensation, on the 14th day of October an award was made which, in effect, stated that the petitioner's then condition was not due to

the accident, and that he had already received all the medical and surgical treatment to which he was entitled. A formal application for rehearing was made, and on December 31st the commission affirmed its findings and award of October 14th, whereupon the matter was brought before us in the usual manner.

It was admitted by counsel for petitioner, on the oral argument, that he is as yet entitled to no compensation for lost time, since his full salary was paid by his employer up to the time of the making of the final award at the rehearing. His claim is for the cost of medical attention not furnished by the commission, which he claims was necessary to put him in condition so he could perform the work which he is now doing, and even more to establish that his condition was the result of a compensable accident, so that in case he is eventually unable, as a result thereof, to continue his work, he may receive compensation.

The question before us then is, Did the accident of July 26th cause an injury to petitioner which is compensable under the law? It is petitioner's claim that before the accident occurred his spine was in an arthritic condition, and that the jar of the accident caused this latent condition to flare up and become active, thus disabling him from any muscular work and seriously decreasing his ability to perform even the clerical work which he is now doing. It is the contention of the commission, that while he did have an old arthritic condition before the accident, his present condition is caused by a sciatica arising therefrom, instead of from an aggravation of the arthritis caused by the accident.

It is not disputed that at the time petitioner applied for compensation he was suffering considerable

pain, was unable to perform muscular work of any kind, and was somewhat hampered in the performance even of clerical work. It is also admitted that before the accident of July 26th, he did have a quiescent arthritic condition of the spine, but that it in no manner interfered with his performing regular, muscular labor.

In determining whether there was any causal connection between the accident and his present condition, the commission had before it the report of its medical adviser, Dr. R. F. Palmer, the report of Dr. Ploussard, the X-ray examination taken by the Pathological Laboratory, and the oral testimony of Dr. Lytton-Smith. Dr. Ploussard stated, in substance, in his last report, "the sprain to his back probably flared up an old case of arthritis in his spine and that is the reason for the delayed recovery." Dr. Lytton-Smith stated, in effect, that in his opinion, the strain caused by the fall probably broke loose some of the arthritic deposits, and that the irritation caused thereby created the pain from which petitioner was suffering, and that such pain and disability would probably continue until such time as the deposit which had broken loose had again united to the bone structure, at which time the pain would cease and he could then continue to work, unless there was another breaking down, or the condition progressed to such solidification of the vertebra that he was no longer able to bend his back.

It was the opinion of Dr. Palmer that petitioner's condition was not caused by the accident of July 26th, but that he had developed a mild sciatica directly from the arthritic condition, and that the sciatica was what caused his pain and inability to work, and not an injury arising from the accident.

We have the very frequent situation of medical witnesses disagreeing as to the cause of an admitted physical condition. Such being the case, the commission was at liberty to believe the witnesses whose theory of the case it thought was most reasonable, and following our oft-repeated decisions, when the evidence is in conflict, we are bound by the conclusion of the triers of fact.

For the foregoing reasons, the award is affirmed.

McALISTER and ROSS, JJ., concur.